UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMERICA FIRST LEGAL FOUNDATION,
600 14th Street, NW
Fifth Floor
Washington, DC 20005

    *Plaintiff,*

    v.

ANTHONY COLEY, in his official capacity as
Director, Office of Public Affairs
United States Department of Justice
950 Pennsylvania Ave., N.W.
Washington, DC 20530-0001

and

UNITED STATES DEPARTMENT OF JUSTICE,
950 Pennsylvania Ave., N.W.
Washington, DC 20530-0001

    *Defendants.*

Civil Action No.:
21-cv-3024

**COMPLAINT**
(For Injunctive and Declaratory Relief)

Summary of the Case

1. Over the last three months, America First Legal Foundation ("AFL") filed multiple Freedom of Information Act ("FOIA") requests with the U.S. Department of Justice ("the Department" or "DOJ") on various matters attracting widespread, national media attention. Those requests include information related to the Department's role in airlifting foreign nationals to the United States from Afghanistan; activities within the Voting Section of the Civil Rights Division ("CRT"),

to include targeting the State of Georgia's election integrity measures; and the Attorney General's October 4, 2021, Memorandum.

2. Each request relates to an evolving story of pressing and immediate concern to the American public, the subject of exceptional media interest, and an object of congressional oversight.

3. For each request, AFL asked for expedited processing pursuant to 5 U.S.C. § 552 (a)(6)(E) and 28 C.F.R. § 16.5(e).

4. In all cases the Department denied AFL expedited processing.

5. For each denial, AFL appealed.

6. In every instance, the Department denied AFL's appeal.

7. For the Afghanistan request, the Department claimed AFL was not "primarily engaged in disseminating information." However, the Departments of Defense, State, and Homeland Security granted AFL expedited processing for substantively identical requests, a fact that AFL explicitly noted to the agency on appeal. And the Department's denial was contrary to DOJ's own litigating position in at least one case brought by a similarly situated group, the Brennan Center for Justice at NYU School of Law, against the Trump Administration.

8. For the Voting Section and Georgia election integrity request, CRT initially responded by stating that part of AFL's request was not a proper FOIA request, and then denied the request for expedited processing for the remainder of the request. AFL appealed. The Department denied the appeal without explanation, notwithstanding the specific facts and legal authorities AFL cited in support.

9.  For the October 4 Memorandum, DOJ justified its denial by relying on a decision by defendant Anthony Coley, a Biden political appointee, that the October 4 Memorandum was *not* a matter of exceptional media and public interest; the Department's unpublished construction of the term "due process" in 28 C.F.R. § 16.5(e)(3) to mean only due process in a specific criminal case; and, again, the claim AFL was not "primarily engaged in disseminating information."

10. Since the Biden Administration took office, Defendants have not fulfilled any FOIA requests from AFL.

11. Defendants have engaged in an unlawful policy or practice of violating the FOIA to keep AFL from obtaining and publicly disclosing politically derogatory information about the Biden Administration, its appointees, and its allies. *See Citizens for Resp. & Ethics in Washington v. U.S. Dep't of Hous. & Urb. Dev.*, 415 F. Supp. 3d 215, 225 (D.D.C. 2019).

12. As a result, they have prevented AFL and the public from obtaining, in a timely fashion, information vital to current and ongoing public debate of these critical matters.

13. The primary value of AFL's requested information lies in the near "real time" transparency it will provide to inform the ongoing debate on each topic. While information gained months or (more likely) years from now may still be of historical value, stale information is of little value in these circumstances. *Payne Enterprises, Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988).

14. Accordingly, AFL has suffered irreparable harm.

Jurisdiction and Venue

15. The Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201.

16. Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

Parties

17. AFL is a nonprofit organization with its principal office in the District of Columbia.

18. Mr. Coley is Director of the DOJ's Office of Public Affairs.

19. The DOJ is an agency under 5 U.S.C. § 552(f), with headquarters at 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001. It has possession, custody, and control of the requested records.

Facts

*The "Afghanistan Request"*

20. On August 31, 2021, AFL submitted request FOIA-2021-02103 and requested expedited processing of two portions of its request for records relating to the DOJ's involvement in the airlift of individuals out of the Afghanistan and into the United States. Exhibit 1, at 9.

21. DOJ denied expedited processing on September 10, 2021. *Id.* at 18.

22. AFL appealed on October 22, 2021. *Id.* at 1.

23. DOJ denied AFL's appeal—tracking number A-2022-00151—on November 1, 2021. Exhibit 2.

*The "Voting Request"*

24. On August 31, 2021, AFL submitted request 21-00291-F to CRT, requesting expedited processing of records relating to the CRT Voting Section and its conduct with respect to the State of Georgia's election integrity measures. Exhibit 3, at 9.

25. On September 10, 2021, CRT responded that portions of AFL's request were improper FOIA requests and denied expedited processing with respect to the remaining requests without specifying the grounds for that determination. *Id.* at 20.

26. AFL appealed on October 6, 2021. *Id.* at 1.

27. This appeal was assigned tracking number A-2022-00012. Exhibit 4.

28. DOJ denied AFL's appeal, without any reasoning or justification, by email on October 27, 2021. Exhibit 5. However, in DOJ's FOIA portal, the appeal status remains as "in process."

*The "October 4 Memo Request"*

29. On October 7, 2021, AFL submitted a FOIA relating to the Attorney General's October 4 Memorandum directing, *inter alia*, the Criminal Division, all U.S. Attorneys, and the Federal Bureau of Investigation ("FBI") to take official action in furtherance of responding to parents who vocalized concerns at school board meetings. Exhibit 6, at 10.

30. AFL filed this request with the Office of Information Policy ("OIP") (covering custodians within the Office of the Attorney General, the Office of the Deputy Attorney General, the Office of the Associate Attorney General, the White

House Liaison, and the Office of Public Affairs), the Office of Legal Counsel ("OLC"), CRT, the Criminal Division ("CRIM"), the Executive Office of U.S. Attorneys ("EOUSA"), and the FBI. *Id.*

31. AFL requested expedited processing from each component. *Id.* at 17-19.

32. OIP assigned the FOIA tracking number FOIA-2022-00056 and denied expedited processing. *Id.* at 21-23.

33. OLC assigned the FOIA tracking number FY22-003 and denied expedited processing. *Id.* at 25-27.

34. CRIM assigned the FOIA tracking number CRM-301677502 and denied expedited processing. *Id.* at 29-30.

35. EOUSA assigned the FOIA tracking number EOUSA-2022-000037 and rejected the FOIA on the grounds that it insufficiently described the records sought. *Id.* at 32-33.

36. CRT assigned the FOIA tracking number FOI/PA No. 22-00004-F and did not address AFL's request for Expedited Processing. *Id.* at 35-37.

37. FBI never responded.

38. AFL appealed all these determinations by a single letter filed with DOJ on October 19, 2021. *See* Exhibit 6.

39. OIP assigned AFL's appeal tracking number A-2022-000127, Exhibit 7, and denied it on October 27, 2021. Exhibit 8.

40. OLC assigned AFL's appeal tracking Number A-2022-00180, Exhibit 9, and denied it on October 28, 2021. Exhibit 10.

41. CRIM assigned AFL's appeal tracking Number A-2022-00181, Exhibit 11, and denied it on October 29, 2021. Exhibit 12.

42. EOUSA assigned AFL's appeal tracking Number A-2022-00182, Exhibit 13, and denied it by email on October 28, 2021. Exhibit 14.

43. CRT assigned AFL's appeal tracking Number A-2022-00183, Exhibit 15, and dismissed it as moot on October 28, 2021. Exhibit 16.

## Claims for Relief

*First Claim for Relief: For Violation of 5 U.S.C. § 552(a)(6)(E)(i)*

44. AFL repeats paragraphs 1-42.

45. The record before the Department included:

    a. Evidence AFL's core mission included informing and educating the public regarding the operations and activities of the federal government.

    b. Evidence AFL intended to give the public access to the records it obtains via the FOIA on its website.

    c. Evidence AFL intended to disseminate the information it requested by making the requested records broadly available to the public, scholars, and the media; to use its editorial skills to turn raw materials into distinct work; and to distribute that work to an audience.

    d. Evidence AFL's email list contains over 65,000 unique addresses, its Twitter page had nearly 10,000 followers, the Twitter page of its

    Founder and President had over 83,800 followers, and it had another 18,000 followers on GETTR. Subsequently, for cybersecurity reasons AFL had reason to review and scrub its email list. It has determined its email list contains approximately 25,000 valid unique addresses.

e. Evidence the Department has previously acknowledged similarly situated organizations meet the legal test for expedited processing.

f. Evidence that the U.S. Departments of State, Homeland Security, and Defense granted AFL's requests for expedited processing of nearly identical FOIA requests and that the United States Centers for Disease Control had also, separately, granted a request for expedited processing.

g. Legal argument and supporting cited authorities showing AFL met the legal test for expedited processing based on the plain text of 5 U.S.C. § 552(a)(6)(E) for each matter.

h. Legal argument and supporting cited authorities showing AFL met the legal test for expedited processing under multiple subparts of 28 C.F.R. § 16.5(e) for each matter.

i. Legal argument and supporting cited authorities showing AFL met the legal test for expedited processing under controlling Circuit precedent for each matter.

46. However, defendants wrongly denied AFL expedited processing of the specified items in FOIA-2021-02103, 21-00291-F, and FOIA-2022-00056, FY22-003, CRM-301677502, EOUSA-2022-000037, and FOI/PA No. 22-00004-F.

47. AFL should be granted declaratory and injunctive relief under 5 U.S.C. § 552(a)(4)(b).

*Second Claim for Relief: For Policy or Practice Violation of the FOIA*

48. AFL repeats paragraphs 1-46.

49. Defendants have adopted and are engaged in a pattern or policy of denying AFL expedited processing in violation of 5 U.S.C. § 552(a)(6)(e) because it seeks records likely to cast the Biden Administration in a negative light on matters of intense public concern, media interest, and political consequence.

50. Initially, the Department denied AFL expedited processing using boiler plate language without addressing AFL's specific arguments and authorities.

51. Then the Department affirmed the denials on appeal in broad conclusory terms, also without addressing AFL's detailed arguments and authorities.

52. This conduct is not due to differences or deficiencies in AFL's request or appeals. Rather, it is due to defendants' calculation that the benefits of unlawfully stonewalling the release of politically derogatory and harmful information about the Biden Administration and its allies outweighs any consequences that might attach to violating the FOIA.

Relief Requested

WHEREFORE, AFL respectfully requests this Court:

A. Declare Mr. Coley and the DOJ are engaged in an unlawful and impermissible practice or policy of denying AFL expedited processing.

B. Enjoin Mr. Coley and the DOJ from continuing to engage in such conduct.

C. Declare AFL is entitled to expedited processing and a fee waiver.

D. Provide for expeditious production of all non-exempt records responsive to FOIA-2021-02103, 21-00291-F, and FOIA-2022-00056, FY22-003, CRM-301677502, EOUSA-2022-000037, and FOI/PA No. 22-00004-F.

E. Retain jurisdiction of this action to ensure agency records are not wrongfully withheld.

F. Award AFL attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E).

G. Grant AFL such other and further relief as this Court deems proper.

November 15, 2021.

<div style="text-align:right">

Respectfully submitted,

/s Christopher Mills
CHRISTOPHER E. MILLS
D.C. Bar No. 1021558
Spero Law LLC
557 East Bay St. #22251
Charleston, SC 29413
(843) 606-0640 (phone)
cmills@spero.law

</div>

/s/ *Reed D. Rubinstein*
REED D. RUBINSTEIN
D.C. Bar No. 400153
AMERICA FIRST LEGAL FOUNDATION
600 14th Street, N.W.
Fifth Floor
Washington, D.C. 20005
Tel.: (202) 964-3721
E-mail: reed.rubinstein@aflegal.org

*Counsel for Plaintiff America First Legal Foundation*