IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICA FIRST LEGAL FOUNDATION,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY COLEY, in his official capacity as Director, Office of Public Affairs, United States Department of Justice; and UNITED STATES DEPARTMENT OF JUSTICE,<br><br>Defendants. | Case No. 1:21-cv-03024 (TSC) |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
PARTIAL MOTION TO DISMISS**

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................................................1

BACKGROUND ..........................................................................................................................2

    I.     Statutory and Regulatory Framework ..........................................................2

    II.    The Complaint.................................................................................................3

STANDARD OF REVIEW ..........................................................................................................4

ARGUMENT ................................................................................................................................5

    I.     The Threshold for Pleading a "Policy or Practice" Claim Under D.C. Circuit Precedent Is High...................................................................................6

    II.    The Complaint Does Not Plead a Plausible "Policy or Practice" Claim......7

CONCLUSION ...........................................................................................................................10

# TABLE OF AUTHORITIES

## Cases

*Am. Ctr. For Law & Justice v. Dep't of State*,
   249 F. Supp. 3d 275 (D.D.C. 2017) .................................................................................. 6

*\*Am. Ctr. for Law & Justice v. FBI*,
   470 F. Supp. 3d 1 (D.D.C. 2020) .............................................................................. 6, 8, 9

*\*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................ 4, 5, 10

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ......................................................................................................  4, 5

*Brennan Center for Justice at NYU School of Law v. Dep't of Commerce*,
   498 F. Supp. 3d 87 (D.D.C. 2020) .................................................................................. 9

*Cause of Action Inst. v. Eggleston*,
   224 F. Supp. 3d 63 (D.D.C. 2016) .................................................................................. 5

*Davis v. World Sav. Bank, FSB*,
   806 F. Supp. 2d 159 (D.D.C. 2011) ................................................................................ 5

*Judicial Watch, Inc. v. U.S. Dep't of Homeland Security*,
   895 F.3d 770 (D.C. Cir. 2018) ......................................................................................... 7

*Marcelus v. Corr. Corp. of Am./Corr. Treatment Facility*,
   540 F. Supp. 2d 231 (D.D.C. 2008) ................................................................................ 5

*Newport Aeronautical Sales v. Dep't of Air Force*,
   684 F.3d 160 (D.C. Cir. 2012) ......................................................................................... 7

*Payne Enters., Inc. v. United States*,
   837 F.2d 486 (D.C. Cir. 1988) ..................................................................................... 6, 7

*S. Pac. Term. Co. v. Interstate Commerce Commission*,
   219 U.S. 498 (1911) ........................................................................................................... 6

*Ward v. D.C. Dep't of Youth Rehab. Servs.*,
   768 F. Supp. 2d 117 (D.D.C. 2011) ................................................................................ 5

**Statutes, Rules, & Regulations**

5 U.S.C. § 552 ................................................................................................................. 1, 2, 4
28 C.F.R. § 16.5 ................................................................................................................ *passim*
Fed. R. Civ. P. 12 ................................................................................................................ 1, 4

## INTRODUCTION

The Freedom of Information Act ("FOIA") provides that agencies must process requests in an "expedited" manner when they meet certain criteria defined by Congress in FOIA itself, or by agencies through regulations. 5 U.S.C. § 552(a)(6)(E). Such treatment is rare. For instance, in fiscal year 2020, the Department of Justice ("DOJ") received 86,729 new FOIA requests. U.S. Dep't of Justice, Annual Freedom of Information Act Report (Fiscal Year 2020) table V.A (2021), *available at* https://www.justice.gov/oip/page/file/1371846/download. Just 4,522 of those requests included a request for expedited processing. *Id.* at table VIII.A. DOJ granted 810 of those expedited processing requests, with 598 of the grants issuing from just one component, the Bureau of Prisons. *Id.* That means DOJ accorded expedited processing status to less than 1% of the new FOIA requests it received in the last fiscal year.

America First Legal Foundation ("AFL") believes that its FOIA requests were wrongly lumped with the 99% of requests that do not receive expedited treatment. DOJ denied AFL requests for expedited processing of three broad FOIA requests on very different topics: the withdrawal from Afghanistan, Georgia's new voting laws, and a memo from the Attorney General regarding disruptions at school board meetings. AFL filed this lawsuit to challenge those determinations. Complaint, ECF No. 1, ¶¶ 44–47.

In addition to seeking judicial review of the denials of expedited processing, AFL claims that DOJ is engaged in a "pattern or policy of denying AFL expedited processing" in order to prevent the release of records "likely to cast the Biden Administration in a negative light on matters of intense public concern, media interest, and political consequence." Complaint ECF No. 1, ¶ 48–52. That claim must be dismissed pursuant to Civil Rule 12(b)(6). AFL's requests are too few in number and too diverse in subject matter to establish a "policy or practice" claim under D.C. Circuit precedent, and AFL does not allege other facts that would reasonably lead to the

1

inference DOJ has a uniform policy regarding AFL's requests for expedited processing, formal or informal.

Accordingly, the Court should dismiss Count II of the Complaint.

## BACKGROUND

### I. Statutory and Regulatory Framework

FOIA provides a means for the public to access federal government records, subject to certain exemptions. *See* 5 U.S.C. § 552. Section 552(a)(6)(E) of FOIA sets out a framework for agencies to handle requests from the public to process records in an expedited fashion. In brief, Congress directed the agencies to develop regulations "providing for expedited processing of records (I) in cases in which the person requesting records demonstrates a compelling need; and (II) in other cases determined by the agency." *Id.* § 552(a)(6)(i). FOIA defines a "compelling need" in this context to mean situations in which "failure to obtain requested records on an expedited basis . . . could reasonably be expected to pose an imminent threat to the life or physical safety of an individual," or "with respect to a person primarily engaged in disseminating information, urgency to inform the public concerning actual or alleged Federal Government activity." *Id.* § 552(a)(6)(v).

As required by FOIA, DOJ has promulgated regulations regarding requests for expedited processing. 28 C.F.R. § 16.5(e). DOJ processes requests on an expedited basis when they meet one of the four criteria:

> (i) Circumstances in which the lack of expedited processing could reasonably be expected to pose an imminent threat to the life or physical safety of an individual;
>
> (ii) An urgency to inform the public about an actual or alleged Federal Government activity, if made by a person who is primarily engaged in disseminating information;
>
> (iii) The loss of substantial due process rights; or

(iv) A matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence.

*Id.* Requests under paragraphs (e)(1)(i), (ii), and (iii) are considered by the component that possesses the requested records, while requests under paragraph (e)(1)(iv) are submitted to the Director of Public Affairs for decision. *Id.* § 16.5(e)(2).

## II. The Complaint

AFL's complaint concerns three FOIA requests it submitted to DOJ. The first, submitted August 31, 2021, sought records relating to the DOJ's involvement in the airlift of individuals out of Afghanistan and their resettlement in the United States. Compl. ¶ 20. The second, also submitted on August 31, 2021, sought records from the Civil Rights Division regarding its response to the State of Georgia's recently enacted voting law. Compl. ¶ 24. The third, submitted October 7, 2021, sought records from ten DOJ components related to the October 4 memorandum from the Attorney General regarding threats against school administrators, board members, teachers, and staff. Compl. ¶ 29.

With respect to all three requests, AFL asked for expedited processing. Compl. ¶¶ 20, 24, 31. With a handful of exceptions, the components initially denied all expedited processing requests. Compl. ¶¶ 21, 25, 32–34. (According to the complaint, three of the components on which AFL served the October 4 memorandum request either rejected the FOIA request for other reasons, did not address expedited processing in their initial response, or had yet to respond to the request. Compl. ¶¶ 35–37.) AFL appealed all of these determinations. Compl. ¶¶ 22, 26, 38. DOJ affirmed. Compl. ¶¶ 23, 28, 39–43. As required by the regulations, Mr. Coley, the current Director of Public Affairs and a named co-defendant in this case, considered AFL's requests under § 16.5(e)(1)(iv) as part of DOJ's review of the requests.

3

AFL filed suit on November 15, 2021.[1] The complaint contains two claims arising from the denials of expedited processing. The first, "Violation of 5 U.S.C. § 552(a)(6)(E)(i)," challenges the denials themselves, and seeks declaratory and injunctive relief pursuant to § 552(a)(4)(B). Compl. ¶¶ 44–47.

The second claim—the subject of this motion—asserts a "Policy or Practice Violation of the FOIA." AFL alleges that DOJ has "a pattern or policy of denying AFL expedited processing . . . because [AFL] seeks records likely to cast the Biden Administration in a negative light on matters of intense public concern, media interests, and political consequence." Compl. ¶ 49. AFL asserts that, at first, DOJ denied the requests using "boiler plate language," Compl. ¶ 50, and then relied upon "broad conclusory terms" when affirming those denials on appeal, Compl. ¶ 51. AFL claims that this behavior is "due to [DOJ's] calculation that the benefits of unlawfully stonewalling the release of politically derogatory and harmful information about the Biden Administration and its allies outweighs any consequences that might attach to violating the FOIA." Compl. ¶ 52.

## STANDARD OF REVIEW

To avoid dismissal under Civil Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint satisfies this plausibility standard when the "factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Plausibility requires more than a "sheer possibility that a defendant has acted unlawfully," so a complaint that alleges facts that

---

[1] On November 16, 2021, DOJ's Public Affairs Office determined that all FOIA requests related to the October 4, 2021 memorandum were to be granted expedition pursuant to § 16.5(d)(1)(iv). As a result, Plaintiff's FOIA request will receive expedited handling.

4

are "merely consistent with" liability "stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (quoting *Twombly*, 550 U.S. at 557). Moreover, although courts are to presume the truth of all factual allegations in the complaint, they need not and should not accept "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (brackets in original). Similarly, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* at 678.

In evaluating the sufficiency of the complaint, "a court may consider 'the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint,' or 'documents upon which the plaintiff's complaint necessarily relies even if the document is produced not by the plaintiff in the complaint but by the defendant in a motion to dismiss.'" *Cause of Action Inst. v. Eggleston*, 224 F. Supp. 3d 63, 70 (D.D.C. 2016) (quoting *Ward v. D.C. Dep't of Youth Rehab. Servs.*, 768 F. Supp. 2d 117, 119 (D.D.C. 2011)); *see also Marcelus v. Corr. Corp. of Am./Corr. Treatment Facility*, 540 F. Supp. 2d 231, 235 n.5 (D.D.C. 2008) (documents referenced in the complaint deemed to be incorporated). "Further, 'when the bare allegations of the complaint conflict with any exhibits or documents, whether attached or adopted by reference, the exhibits or documents prevail.'" *Davis v. World Sav. Bank, FSB*, 806 F. Supp. 2d 159, 172 (D.D.C. 2011) (citation omitted).

## ARGUMENT

AFL asks the Court to infer from DOJ's allegedly unlawful denials of expedited processing with respect to three unrelated FOIA requests that DOJ has a "policy or practice" of always denying expedited processing to AFL to prevent the release of unflattering information about the current presidential administration. The Court should decline. The complaint is bereft of facts that would plausibly give rise to the inference AFL asks the Court to draw from the treatment of its FOIA requests.

5

## I. The Threshold for Pleading a "Policy or Practice" Claim Under D.C. Circuit Precedent Is High.

In this Circuit, plaintiffs can "bring in conjunction with [a] specific information request, a claim that an agency policy or practice will impair the party's lawful access to information in the future." *Am. Ctr. for Law & Justice v. FBI*, 470 F. Supp. 3d 1, 4 (D.D.C. 2020) ("*ACLJ*") (quoting *Am. Ctr. For Law & Justice v. Dep't of State*, 249 F. Supp. 3d 275, 281 (D.D.C. 2017)). This is in derogation of the typical rule that "once all requested records are surrendered" to the requestor in response to a FOIA request, "'federal courts have no further statutory function to perform' with respect to the particular records that were requested." *Payne Enters., Inc. v. United States*, 837 F.2d 486, 490-91 (D.C. Cir. 1988). Since production of records normally moots out a FOIA claim, "policy or practice" claims allow a requestor to challenge agency action that inhibits the requestor's timely access to records and that might not, in the ordinary course, be susceptible to judicial review. *See S. Pac. Term. Co. v. Interstate Commerce Commission*, 219 U.S. 498, 515 (1911) (when a case presents "continuing" questions, such "considerations ought not to be, as they might be, defeated, by short term orders, capable of repetition, yet evading review . . . .").

The leading D.C. Circuit case on policy or practice claims is *Payne Enterprises*. In that case, officers at Air Force Logistic Command bases had refused to fulfill the plaintiff's demand for copies of bid abstracts for nearly two years, even after being admonished by the Office of the Secretary of the Air Force that such denials were improper. 837 F.2d at 494. The Air Force had no formal policy to deny the plaintiff records, and eventually relinquished all of the requested documents after reversing the officers' initial decisions on appeal. *Id.* at 491. Nonetheless, the D.C. Circuit concluded the plaintiff's legal challenge to the unlawful withholding of records by the officers was not moot because the "refusal to supply information evidences a policy or practice of delayed disclosure or some other failure to abide by the FOIA, and not merely isolated

6

mistakes by agency officials." *Id.*; *see also Newport Aeronautical Sales v. Dep't of Air Force*, 684 F.3d 160, 164 (D.C. Cir. 2012) (Air Force policy of "denying FOIA requests for data that do[] not depict 'critical technology'" which forced plaintiff to request disclosure under another law would cause plaintiff to "suffer continuing injury" and was therefore not moot).

More recently, in *Judicial Watch, Inc. v. U.S. Dep't of Homeland Security*, 895 F.3d 770 (D.C. Cir. 2018), the plaintiff filed multiple requests for travel records to the Secret Service, which "failed to make requested records available in a timely manner," forcing the plaintiff "to file a lawsuit on five separate occasions in order to obtain the records." 895 F.3d at 773. The complaint described "nineteen travel-related FOIA requests submitted over a thirteen-month period," for which the Secret Service had not produced records. *Id.* at 773-74. The court held under these facts that Secret Service's "repeated, unexplained, and 'prolonged delay[s] in making information available'" gave rise to a policy or practice claim. *Id.* at 779 (quoting *Payne*, 837 F.2d at 491).

## II.   The Complaint Does Not Plead a Plausible "Policy or Practice" Claim.

The facts of AFL's case, as pled in the complaint, could not be more different from the cases that have given rise to a "policy or practice" claim in the D.C. Circuit. Although AFL alleges that the three FOIA requests at issue here were denied expedited processing, Compl. ¶¶ 1–6, AFL does not allege that DOJ denied expedited processing to every FOIA request AFL has filed. Moreover, the requests at issue here follow no discernable pattern. They address diverse topics. They are directed to at least nine different offices or components within DOJ.[2] They are broad in scope, and include

---

[2] Office of the Attorney General (including the White House Liaison), Office of the Deputy Attorney General, Office of the Associate Attorney General, Office of Public Affairs, Office of Legal Counsel, Civil Rights Division, Criminal Division, Executive Office for the U.S. Attorneys, and FBI. The Office of Information Policy processes FOIA requests for the first four offices listed. This tally excludes the Afghanistan request,

7

requests for "all records" responsive to certain criteria, as opposed to being focused on a defined type of record. ECF No. 1-1 at 11–12 (Afghanistan request); ECF No. 1-3 at 11–14 (Georgia election law request); ECF No. 1-6 at 5–6 (October 4 memo). Moreover, not every component has responded identically to AFL's requests. For example, EOUSA responded to AFL's requests regarding the October 4 memo "on the grounds that it insufficiently described the records sought," meaning it never reached the question of expedited processing. Compl. ¶ 35. In light of these facts, AFL has failed to make out a policy or practice claim for several reasons.

First, AFL has not alleged nearly enough incidents of denials of expedited processing such that one could discern a policy or practice, whether formal or informal, to never grant expedited processing to AFL. Some of the components at issue here received only one of AFL's requests described in the complaint. CRT received two. Only OIP, which is processing the "October 4 Memo" request for some components and handled all the administrative appeals, has dealt with all three of the requests in some capacity. But even three is a "small sample size" on which to base a claim that DOJ presumptively never accords expedited processing to requests from AFL. *ACLJ*, 470 F. Supp. 3d at 7 (denying policy or practice claim over three alleged incidents of not responding to requests for records within FOIA's statutory timeframe).

Second, even if the number of alleged incidents of unlawful conduct were sufficient, AFL's requests are not sufficiently similar to one another to conclude that there is a common policy or practice that explains how the requests for expedited processing were treated. Unlike "*Payne*, *Newport*, and *Judicial Watch*, each of which concerned repeated requests for a narrowly-defined class of documents," the expedited processing denials in this case "each implicate requests of a strikingly different subject

---

which AFL did not direct at any specific component. Compl. ¶ 20 & ECF No. 1-1 at 9–16.

8

matter and scope." *ACLJ*, 470 F. Supp. 3d at 6. That lack of uniformity is an especially important consideration in this case, because the regulatory criteria for expedited processing all hinge, at least in part, on the subject matter of the requested material, which was different in all three of AFL's requests. 28 C.F.R. § 16.5(e)(1). The disparate topics of the requests does not suggest "a considered decision" on DOJ's part to deny expedited processing to AFL no matter the circumstances. *ACLJ*, 470 F. Supp. 3d at 6.

Third, the complaint contains nothing else that would push AFL's assertion that DOJ is "stonewalling the release of politically derogatory and harmful information about the Biden Administration" beyond rank speculation. Compl. ¶ 52. AFL notes that officials in the Department of Defense, Department of State, and Department of Homeland Security granted its request for expedited processing of the Afghanistan request. Compl. ¶ 7. Those decisions do not bind DOJ. More importantly, political appointees run all of these Cabinet-level agencies, so this fact actually suggests that something other than political considerations motivated the decisions of different agencies to grant or deny expedited processing. AFL next asserts, again with respect to the Afghanistan request, that denials of expedited processing run contrary to DOJ's position in *Brennan Center for Justice at NYU School of Law v. Dep't of Commerce*, 498 F. Supp. 3d 87, 98 (D.D.C. 2020), where DOJ did not dispute that the plaintiff was "primarily engaged in disseminating information." Compl. ¶ 7. AFL can certainly argue that point in challenging the denials of expedited processing, but AFL's status was not the only basis on which DOJ denied expedited processing, and on its own, this suggests, at best, a quotidian legal error and not an unstated policy to deny expedited processing to AFL's FOIA requests. AFL also alleges that "[s]ince the Biden Administration took office, Defendants have not fulfilled any FOIA requests from AFL." Compl. ¶ 10. Yet AFL does not allege that DOJ fulfilled AFL's FOIA requests under any other administration, so it is unclear what the Court could reasonably imply

from this allegation.[3] Finally, AFL complains about the form of the denials of expedited processing at both the initial and appeal stages, alleging that initial rulings contained "boiler plate language" and that appeals were denied "in broad, conclusory terms." Compl. ¶¶ 50–51. But AFL gives no reason for thinking that these perceived formal deficiencies mean that DOJ was denying expedited processing for reasons other than those given in the decision documents.

To sum up, AFL has not pled "factual content that allows the court to draw the reasonable inference that" DOJ has a policy or practice of denying expedited processing to AFL because it wishes to protect the Biden Administration. *Iqbal*, 556 U.S. at 668. As such, the "policy or practice" claim must be dismissed.

## CONCLUSION

For these reasons, the Court should dismiss Count II of the complaint.

Dated: December 22, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

/s/ *Michael J. Gerardi*
Michael J. Gerardi (D.C. Bar No. 1017949)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW, Rm. #12212
Washington, D.C. 20005
Tel: (202) 616-0680

---

[3] Indeed, since AFL began operations in April 2021, no such comparator exists. America First Legal Foundation, *Senior Trump Officials Launch America First Legal* (April 6, 2021), https://www.aflegal.org/news/senior-trump-officials-launch-america-first-legal-foundation.

                                      Fax: (202) 616-8460  
                                      E-mail: michael.j.gerardi@usdoj.gov

                                      *Attorneys for Defendants*